**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlton J. Henderson; Vanessa J. Henderson,<br><br>    Plaintiffs,<br><br>vs.<br><br>Chase Home Finance, LLC,<br><br>    Defendant. | No. CV 09-2461-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant Chase Home Finance LLC's Motion for Reconsideration (Doc. # 29). The Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994). Although Defendant does not cite a specific section of the Federal Rules of Civil Procedure, Defendant cannot rely on Rule 59(e) or 60(b).[1] Rather, the Court will apply the following standard:

    (1)    There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences

---

[1] Because this Court's order of October 3, 2002, did not "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment," the challenged order is not a final judgment or appealable interlocutory order. *Catlin v. United States*, 324 U.S. 229, 233 (1945). Thus, Plaintiffs cannot avail themselves of Fed. R. Civ. P. 59(e) or 60(b) which only apply to reconsideration of "final judgments and appealable interlocutory orders." *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 466-67 (9th Cir. 1989).

1  through reasonable diligence;

(2) There are new material facts that happened *after* the Court's decision;

(3) There has been a change in the law that was decided or enacted *after* the Court's decision; or

(4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.

*Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

Defendant asks the Court to reconsider its decision striking its response to Plaintiff's motion for preliminary injunction. In the Court's May 14, 2010 Order (Doc. # 27) the Court struck Defendant's response as untimely. Defendant now states that it obtained an agreement from opposing counsel to extend the deadline for the filing of the response, but neglected to file a stipulated motion with the Court seeking approval for the extension. Although the Court does not discount the pressures of a busy workload, such a rationale for Defendant's late response does not justify a reconsideration of the Court's May 14 Order under any of the factors listed above.

Accordingly,

**IT IS ORDERED** that Defendant Chase Home Finance LLC's Motion for Reconsideration (Doc. # 29) is denied.

DATED this 21st day of May, 2010.

James A. Teilborg
United States District Judge